United States District Court
Southern District of Texas
**ENTERED**
February 06, 2019
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| APRIL FIELDS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-1438 |
| | § | |
| SDH SERVICES EAST, LLC D/B/A | § | |
| SODEXO, *ET AL.*, | § | |
| *Defendants*. | § | |

## AMENDED MEMORANDUM AND RECOMMENDATION

This matter is before the court on Defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).[1] Dkts. 3, 13. Rule 12(b)(5) is "the proper way to challenge the *mode of delivery* or *lack of delivery* of the summons and complaint." *Davis v. Baylor Reg'l Med. Ctr. at Grapevine*, Civil Action No. 3:11-CV-1350, 2013 WL 866173 at *2 (N.D. Tex. Mar. 8, 2013) (emphasis added). Because Defendants concede they have now been served, (Dkt. 3 at 5; Dkt. 13 at 1), the court previously considered the motion under Federal Rule of Civil Procedure 12(b)(6). Dkt. 27. However, because the parties submitted evidence outside of the pleadings and public record in support of their positions, the proper standard under which to address Defendants' statute of limitations defenses is Federal Rule of Civil Procedure 56. Thus, the court provided the parties additional time to supplement the record. Dkt. 30. Neither party did so.[2] The court now recommends that Defendants' motions be granted, and this case be dismissed with prejudice.

## I.      BACKGROUND

Plaintiff April Fields worked for SDH Services East, LLC d/b/a Sodexo (SDH) as a food service employee in the Texas Medical Central prior to her resignation in March 2015. In

---

[1] The District Court referred this matter to this Magistrate Judge for report and recommendation. Dkt. 26.

[2] Plaintiff filed Plaintiff's Second Objections to the Magistrate Judge's Memorandum and Recommendation (Dkt. 31), but submitted no new evidence or argument.

September 15, 2014, Fields filed an EEOC charge of discrimination claiming she was sexually harassed at work from August 1, 2013 through September 2, 2014. The EEOC issued a notice of right to sue letter on October 29, 2015.

Fields sued Sodexo, Inc. and SDH in state court in Harris County, Texas on January 28, 2016 asserting claims under Title VII, TCHRA, and common law negligence. Counsel for Sodexo offered on more than one occasion to accept service on behalf of Sodexo and SDH, but Plaintiff's counsel did not respond to the offer. Defense counsel withdrew the offer to accept service on July 6, 2016. On August 31, 2016, Plaintiff's counsel personally picked up citations issued to Sodexo and SDH. On September 6, 2016, Plaintiff's counsel attempted service on Sodexo and SDH by certified mail to Corporations Creations Network, Inc., 4265 San Felipe #1100, Houston, Texas 77027, but the envelope was returned marked "Refused." Dkt. 6-5.

On March 27, 2018, Plaintiff's counsel again requested citations be issued, but both citations named Sodexo as the party to be served. Plaintiff did not serve the March 27, 2018 citations. Plaintiff then filed an Amended Petition. A citation was issued for service on Sodexo on April 11, 2018, and Plaintiff perfected service on Sodexo's registered agent on April 13, 2018. Dkt. 1-6. Plaintiff did not serve SDH at that time. Sodexo removed Plaintiff's case to federal court on May 4, 2018 and filed its motion to dismiss on May 9, 2018. Plaintiff caused a summons to issue to SDH on May 17, 2018, served SDH on May 21, 2018 (Dkt. 11), and SDH filed its motion to dismiss on June 11, 2018.

## II.     ANALYSIS

### A.  Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving

for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002).

### B.  State law governs the issue of when Plaintiff perfected service on Defendants.

In response to the Defendants' arguments that her claims are time-barred, Plaintiff argues that she "timely served Defendant[s] while her case was pending in Texas state court."[3]  Dkt. 6 at 3; Dkt. 17 at 3. In cases that have been removed to federal court, "state law… ascertain[s] whether service was properly made prior to removal." *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972); *Perez v. L-3 Commun. Corp.*, EP-06-CA-22-PRM, 2006 WL 1788182 at *2 (W.D. Tex. June 26, 2006) ("the adequacy of service of process effectuated prior to removal is governed by the law of the state in which the action was originally filed."). Thus, the court looks to Texas law to determine whether Plaintiff effected service on Sodexo and SDH while her case was pending in state court.

Plaintiff contends she served Defendants by certified mail on September 6, 2016. Dkt. 6 at 3; Dkt. 17 at 3. Pursuant to Texas Rule of Civil Procedure 107(c), effective service by certified mail requires proof of the signature of the addressee on the return receipt:

---

[3] Plaintiff claims that she served Defendants on September 6, 2016 but that Defendants' authorized agent "refused service." *See* Dkt. 6 at 3, Dkt. 17 at 3. However, Plaintiff's exhibits attached to her response show that Plaintiff addressed the certified mail to the wrong address. Sodexo's counsel had informed Plaintiff's counsel in a July 6, 2016 email, that the address of its registered agent was "2425 W Loop South #200, Houston, TX 77027." This address appears on the citation and signed receipt for service on April 13, 2018. Dkt. 1-6.  The envelope Plaintiff argues was served but "refused" on September 6, 2016 was mailed to 4365 San Felipe #1100. *See* Dkt. 6-5.

> When the citation was served by registered or certified mail as authorized by Rule 16, the return by the officer or authorized person must also contain the return receipt with the addressee's signature.

TEX. R. CIV. P. 107(c). The record contains no evidence of a signed return receipt for the alleged September 6, 2016 service of the lawsuit. Nothing in the record demonstrates that envelope was signed for, only that it was marked "Refused." Dkt. 6-5. The absence of a signed return receipt and the notation of "Refused" on the envelope demonstrate that service was not completed on either Sodexo, Inc. or SDH at that time.

Two years later, apparently recognizing that Defendants had not been served, Plaintiff requested a new citation to Sodexo, Inc. Sodexo's registered agent signed a receipt of service on April 13, 2018. Dkt. 1-6. The record contains no evidence of service on Sodexo prior to April 13, 2018. The court concludes that Plaintiff served Sodexo on April 13, 2018, prior to removal of this case to federal court.

The record contains no evidence of service on SDH prior to removal. On May 17, 2018, after removal to federal court, Plaintiff caused a summons to be issued for SDH. *See* Clerk's Docket Entry for 05/17/18. SDH acknowledges it was served on May 21, 2018. Dkt. 13 at 1. Nothing in the record supports a finding of service on SDH prior to May 21, 2018. The court concludes that Plaintiff served SDH on May 21, 2018, after removal of the case to federal court.

### C. Plaintiff perfected service on the Defendants only after the expiration of the applicable statutes of limitations.

A plaintiff must bring suit under TCHRA within two years after filing a charge of discrimination. TEX. LAB. CODE § 21.256; *See Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012). Plaintiff filed her charge of discrimination with the EEOC on September 15, 2014. Thus, her statute of limitations expired September 15, 2016.

A plaintiff must file a tort claim under Texas common law within two years of accrual of the cause of action. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. In her charge of discrimination, Plaintiff alleged she was sexually harassed from August 1, 2013 through September 2, 2014. Assuming the harassment continued beyond the date alleged in her discrimination charge, her employment with SDH ended on March 13, 2015. Thus, the two-year statute of limitations on Plaintiff's negligence claim expired, at the latest, on March 13, 2017.

Title VII requires a plaintiff to bring suit within 90 days of receipt of a notice of right to sue letter from the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); 42 U.S.C. § 2000e-5(f)(1). The Fifth Circuit strictly construes the 90-day limitation period. *Id.* "When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Id.* Plaintiff's notice of right to sue letter is dated October 29, 2015. Plaintiff does not offer any evidence of the date she received the notice of right to sue letter, so the court will presume it was received on November 5, 2015. Therefore, her 90-day period for filing suit under Title VII expired on February 3, 2016.

The statutes of limitations applicable to her various claims expired no later than September 15, 2016, March 13, 2017, and February 3, 2016. Plaintiff did not perfect service on Sodexo and SDH until April 13, 2018 and May 21, 2018, respectively, after the expiration of the applicable statutes of limitations.

### D. Service on the Defendants outside the limitations period does not relate back to the filing of Plaintiff's state court lawsuit.

"Texas has no statutory time period to serve a defendant, as long as it is before the statute of limitations expires." *Flores v. Eureka Multifamily Group*, Civil Action No. H-17-3817, 2018 WL 2100309, *1 (S.D. Tex. May 7, 2018). However, Texas law allows service that falls outside

5

the limitations period to relate back to the date the suit was filed if the plaintiff exercises diligence in procuring service on the defendant. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) ("If a party files its petition within the limitations period, service outside the limitations period may still be valid if the plaintiff exercises diligence in procuring service on the defendant."); *see also, Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1016 (W.D. Tex. 2000) ("If the plaintiff does not serve the defendant until after the limitations period has expired, the date of service will relate back to the date of filing, and the claim will not be barred by the statute of limitations, only if the plaintiff exercises due diligence in procuring service on the defendant."). The burden is on Plaintiff to prove her diligence in procuring service. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007).

Diligence means "the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served. *Id.* Lack of diligence may be found as a matter of law where Plaintiff offers no excuse for the failure to effect service or if Plaintiff's excuse negates diligence. *Seanz v. Keller Indus. of Tex.*, 951 F.2d 665, 667 (5th Cir. 1992).

In this case, Plaintiff has offered no excuse for the failure to effect service prior to expiration of the statute of limitations. Defense counsel offered to accept service on behalf of Sodexo and SDH, but Plaintiff's counsel did not respond, despite repeated inquiries from defense counsel. Defense counsel finally withdrew the offer to accept service on July 6, 2016. Dkt. 3-3. Moreover, Plaintiff has failed to demonstrate that she did anything to pursue service between September 6, 2016, when the certified mail envelope was returned to sender, and April 2018 when she served her petition on Sodexo's registered agent. By that time, the applicable statutes of limitations had long expired. A diligent plaintiff does not allow almost two years to pass without making any effort to serve defendants. The court concludes that Plaintiff did not bring her suit

6

within the applicable limitations periods on her claims because she did not diligently pursue service after filing her lawsuit in state court. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (gathering Texas cases holding that due diligence was lacking based on 17 ½ months between filing and service; 10 months between expiration of statute of limitations and service; 6 months between filing and service; 7 $^2/_3$ months between expiration of first citation and issuance of second citation; and 3 ¾ months between filing and issuance of citation and one month between issuance and service).

### E. The Federal Rules of Civil Procedure do not apply to toll limitations or relate service back to the filing of Plaintiff's state court lawsuit.

Under federal law, "[a] civil action is commenced by filing a complaint with the court," without regard to the timing of service. Fed. R. Civ. P. 3; *Paredes v. City of Odessa*, 128 F. Supp. 2d at 1016-17 ("[U]nder the Federal Rules of Civil Procedure, a civil action is deemed "commenced" at the time that the complaint is filed without regard to when the defendant is served with process."). However, the Federal Rules of Civil Procedure only "apply to a civil action *after it is removed* from a state court." Fed. R. Civ. P. 81(c) (emphasis added). Therefore, in removed cases, the Federal Rules of Civil Procedure do not govern when an action is commenced in state court, and whether the commencement of that action tolled the applicable statute of limitations. *See Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 803 (5th Cir. 2006) (noting that, in most states, suit commences either when suit is filed or when served); *O'Carolan v. Puryear*, 70 F. App'x 751, 751-52 (5th Cir 2003) (Plaintiff's claims were barred by limitations because the case originated in state court, and "the Federal Rules of Civil Procedure do not govern …whether [Plaintiff] tolled the applicable statute of limitations while her case was pending in Texas state court."); *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 947 (5th Cir. 2014) ("[W]e have applied state rules to determine the implications of events that occurred while a case was pending in state

court prior to removal." (citing *O'Carolan*)); *Matter of Meyerland*, 960 F.2d 512, 520 (5th Cir. 1992) ("a case removed from state court simply comes into the federal system in the same condition in which it left the state system.").

**F.   Plaintiff cannot avoid limitations by serving Defendants after removal pursuant to 28 U.S.C. § 1448.**

Plaintiff cannot rely on 28 U.S.C. § 1448 to save her claims. Section 1448 provides that if "one or more of the defendants has not been served with process or [if] the service had not been perfected prior to removal, or [if] the process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed" in federal court. Because it was served prior to removal, Section 1448 expressly does not apply to Sodexo.

SDH was not served prior to removal and new process issued as to SDH after removal. However, § 1448 speaks only to effecting service of process, not to the tolling of limitations. *Cf. Morton v. Meagher*, 171 F. Supp. 2d 611, 615 (E.D. Va. 2001) ("Nothing in the text, or the legislative history, of § 1448 permits it to serve as a phoenix for the ashes of an action that could not have survived in the state courts."); *Matter of Meyerland*, 960 F.2d 512, 520 (5th Cir. 1992) ("a case removed from state court simply comes into the federal system in the same condition in which it left the state system."). As discussed above, state law determines whether the statute of limitations is tolled on a claim while it is pending in state court. In this case, it was not. Therefore, 28 U.S.C. §1448 cannot resurrect a stale claim that could not survive a limitations challenge in state court.

**III.   CONCLUSION AND RECOMMENDATION**

For the reasons discussed above, the court recommends that Defendants' Rule 12(b)(6) motions, which the court has construed as motions for summary judgment after reasonable notice

to the parties in accordance with Rule 12(d), be **GRANTED** and this case be **DISMISSED** with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 8608.

Signed on February 06, 2019, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge