IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| APRIL FIELDS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 4:18-CV-01438 |
| § | |
| SDH SERVICES EAST, LLC d/b/a § | |
| SODEXO and SODEXO, INC., § | |
| § | |
| Defendants. § | |

**O R D E R**

The Court has reviewed the Amended Memorandum and Recommendation of the United States Magistrate Judge, filed on February 6, 2019. **(Instrument No. 32)**. Plaintiff April Fields timely filed objections. (Instrument No. 33). The Court has reviewed the Memorandum and Recommendation, Plaintiff's objections, and made a *de novo* review of the Magistrate Judge's recommended dispositions to which objections were raised and Defendants' Motions to Dismiss, in addition to considering the applicable law. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *McLeod, Alexander, Power & Apffel, P.C. v. Quarles*, 925 F.2d 853, 855 (5th Cir. 1991). The Court need not consider objections that are frivolous, conclusive, or general in nature. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). The Court finds that the Memorandum and Recommendation is **ADOPTED in part** and **REJECTED in part** by this Court as follows:

**1. The Magistrate Judge's Application of Rule 12(b)(6) and Conversion of the Motions to Dismiss into Motions for Summary Judgment**

Plaintiff objects that the Magistrate Judge improperly considered Defendants' Motions to Dismiss under Rule 12(b)(6) and converted the Motions to Dismiss into ones for summary judgment. (Instrument No. 33). Plaintiff further contends that the Magistrate Judge improperly

considered and weighed evidence after converting the Motions into ones for summary judgment. *Id.* at 2-4.

In the Amended Memorandum and Recommendation, the Magistrate Judge considered Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) and then converted the motions to summary judgment motions under Rule 56. (Instrument No. 32 at 1). The Magistrate Judge reasoned: "because the parties submitted evidence outside of the pleadings and public record in support of their positions, the proper standard under which to address Defendants' statute of limitations defenses is Federal Rule of Civil Procedure 56. Thus, the court provided the parties additional time to supplement the record. Neither party did so." *Id.* (internal citation omitted).

While Defendants' Motions to Dismiss consider the impact of the statute of limitations on Plaintiff's claims, the Motions specifically seek relief based on Plaintiff's failure to *timely serve*. "A motion under Rule 12(b)(5) is the proper way to challenge the mode of delivery or the lack of delivery of the summons and complaint." *Davis v. Baylor Reg'l Med. Ctr. at Grapevine*, No. 3:11-CV-1350-L, 2013 WL 866173, at *2 (N.D. Tex. Mar. 8, 2013) (internal quotation omitted). A defense of insufficient service of process is waivable under Federal Rule of Civil Procedure 12(h) and therefore is not normally a defense that courts would consider under a motion for summary judgment. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed.) ("Since the defense of improper service of process involves a matter in abatement and does not go to the merits of the action, it is technically not proper to raise it by a summary judgment motion.").

"Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009). This may require the court to consider evidence outside the pleadings and public record

that the plaintiff or defendant provides for the specific purpose of establishing the validity of service. *See Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 4874115, at *2 (N.D. Tex. June 28, 2013) ("Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to produce admissible evidence establishing the lack of proper service."); *Parker v. Missouri City, Tex.*, No. H-12-2484, 2014 WL 7004061, at *3 (S.D. Tex. Dec. 10, 2014) (Harmon, J.) ("Where the defendant challenges the validity of the service of process, the court must look outside the complaint to determine what steps, if any, the plaintiff took to effect service." (internal quotation omitted)); *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (noting that "good cause" for the failure to properly effect service is "necessarily fact-sensitive").

Because Defendants brought Motions to Dismiss on the basis of Plaintiff's failure to timely serve, the Court finds that the Magistrate Judge should have considered the Motions pursuant to Rule 12(b)(5). It was unnecessary and improper to convert the Motions to Dismiss into ones for summary judgment. However, any error on the Magistrate Judge's part was harmless. The Magistrate Judge limited its examination of the evidence to only that evidence that would establish the lack of proper service as the Magistrate Judge would have done had it performed its analysis under Rule 12(b)(5). This included examining the documents Plaintiff herself introduced in support of her assertion that she perfected service on Defendant Sodexo, Inc. in accordance with state law. (Instrument No. 32 at 3-4).

**2. The Magistrate Judge's Findings Regarding Plaintiff's Insufficient Service of Process**

In ruling on a motion to dismiss based on insufficient process or service, a court normally looks to Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4. However, where the case has been removed to federal court, "state law . . . ascertain[s] whether service was properly

made prior to removal." *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972). Plaintiff originally filed her suit in Texas state court against her employer SDH Services East, LLC ("SDH") and against its parent company Sodexo, Inc. ("Sodexo"). (Instrument No. 1-4). Accordingly, Texas Rules of Civil Procedure apply. As the Magistrate Judge correctly noted, Rule 107(c) provides that effective service by certified mail requires proof of the signature of the addressee on the return receipt. Tex. R. Civ. P. 107(c). Failure to obtain the addressee's signature on the return receipt renders the return fatally defective. *Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 79 (Tex. App.—Austin 2001, no pet.). It is immaterial and irrelevant that Plaintiff alleges there exists a disputed fact as to whether Defendants' agent refused service. Texas Rule of Civil Procedure 107(c) requires the addressee's signature on the return receipt for service to be perfected. Plaintiff provided no evidence of a signed return receipt for the alleged September 6, 2016, service of the lawsuit. The only evidence in the record shows that the envelope was returned with the notation of "Refused." (Instrument No. 17-5). Plaintiff's post hoc explanations for why the citation was returned as refused will not render the service valid. "Failure to affirmatively show strict compliance with the [Texas] Rule of Civil Procedure renders the attempted service of process invalid." *14.9 Grams of Methamphetamine v. State*, 28 S.W.3d 146, 148 (Tex. App.—Texarkana 2000, no pet.).

Ordinarily, a plaintiff must complete service of process within 90 days of filing a complaint or the action is subject to dismissal without prejudice. Fed. R. Civ. P. 4(m). The Magistrate Judge concluded that because Plaintiff filed her case in state court, Texas law applies. "Texas has no statutory time period to serve a defendant, as long as it is before the statute of limitations expires." *Flores v. Eureka Multifamily Grp.*, No. H-17-3817, 2018 WL 2100309, at *1 (S.D. Tex. May 7, 2018) (Rosenthal, J.). Therefore, the Magistrate Judge considered whether

Plaintiff perfected service before the statute of limitations had expired on Plaintiff's claims. The Magistrate Judge here properly determined that (1) Plaintiff perfected service on Sodexo on April 13, 2018, only after the statute of limitations on all of her claims had passed; (2) service on Sodexo did not relate back to the filing of Plaintiff's state court lawsuit; (3) Plaintiff failed to show good cause for the failure to effect timely service; (4) Plaintiff could not rely on the Federal Rules of Civil Procedure to toll limitations; and (5) Plaintiff could not avoid limitations by serving Sodexo after removal.

Importantly, the Magistrate Judge also noted that Defendants' counsel went out of its way to offer to accept service by email several times in February 2016. (Instrument No. 3-3). After months had passed, Plaintiff tardily responded in mid-June that she was on vacation and would follow up within a week. *Id.* There is no evidence in the record that Plaintiff actually served Defendants' counsel via email, and on July 6, 2016, Defendants' counsel withdrew its offer to accept service. *Id.* Considering all of the relevant evidence on service, the Court finds that the Magistrate Judge properly concluded that Plaintiff has failed to show that sufficient service of process was made on Sodexo pursuant to Texas law and that dismissal pursuant to Federal Rule 12(b)(5) is appropriate now that the case is in federal court.

However, the Magistrate Judge's analysis only applies to Sodexo because the record shows that Plaintiff served it before removal. As for SDH, the record indicates that Plaintiff served it on May 21, 2018. (Instrument No. 13 at 1). Defendants removed this case on May 4, 2018. (Instrument No. 1). Plaintiff therefore served SDH *after* Defendants removed the case to federal court.

When service of process is not completed in state court before a case is removed, it is governed by the Federal Rules of Civil Procedure after removal. *Micromedia v. Automated*

*Broadcast Controls*, 799 F.2d 230, 233 (5th Cir. 1986); *Williams v. Kroger Texas, L.P.*, No. 3:16-CV-1631-L, 2016 WL 5870976, at *1 (N.D. Tex. Oct. 6, 2016). Rule 4(m) of the Federal Rules of Civil Procedure gives federal litigants 90 days to serve process. Fed. R. Civ. P. 4(m). Thus, "[w]hen a case is removed to federal court, a plaintiff may be afforded additional time to complete service or to obtain issuance of new process if, prior to the case's removal, service of process has not been perfected prior to removal, or process served proves to be defective." *Foster v. Rescare, Inc.*, No. 16-670, 2016 WL 3388387, at *2 (E.D. La. June 20, 2016); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1137 (4th ed.) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court.").

Defendants were not served in the same court. Accordingly, the Court cannot lump the two Defendants together when determining if service is sufficient. Because Plaintiff served Sodexo while the case was still in state court, Sodexo is subject to Texas law regarding sufficiency of service of process. Under Texas law, Plaintiff failed to serve Sodexo before the statute of limitations had passed on her claims. Once the case was removed, SDH, as the unserved defendant, became subject to the Federal Rules of Civil Procedure. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 437 (1974) (noting that once a case has been removed to federal court, federal rather than state law governs future course of proceedings). Under Rule 4(m), Plaintiff was provided an additional 90 days to perfect service on SDH. *Hunt v. Smith*, 67 F. Supp. 2d 675, 684 (E.D. Tex. 1999) ("The [90] day timetable usually runs from the filing of the original complaint. However, when a case has been removed, the [90] days runs from the day of removal." (citing Fed. R. Civ. P. 4(m))). Because Plaintiff perfected service on SDH within 90

days of Defendants' removal of the case, service is timely as to SDH and Defendants' Motions to Dismiss pursuant to Federal Rule 12(b)(5) must be denied as to this Defendant.

Accordingly, it is **HEREBY ORDERED, ADJUDGED, and DECREED** that United States Magistrate Judge Bryan's Memorandum and Recommendation is **ADOPTED in part** and **REJECTED in part** by this Court. Plaintiff's claims against Defendant Sodexo, Inc. are **DISMISSED**.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 7th day of March, 2019, at Houston, Texas.

                                            **VANESSA D. GILMORE**
                                            **UNITED STATES DISTRICT JUDGE**